# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

|  |  |  |
|---|---|---|
| ELAINE CHAO, SECRETARY OF LABOR, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 4-05CV-338Y |
| v. | ) ) | Judge Terry R. Means |
| ALLIED PILOTS ASSOCIATION, | ) ) ) | Jury Trial Requested on All Issues So Triable |
| Defendant. | ) ) | |

## ANSWER

As and for its Answer to the Complaint in this case, the Allied Pilots Association ("APA") alleges and states as follows:

### NATURE OF THE ACTION

1. The allegations of Paragraph 1 of the Complaint constitute assertions of law, to which no response is required. To the extent a response is required, the APA denies those allegations and specifically denies that this action is properly brought under the particular statute referenced or under any other source of law.

### JURISDICTION AND VENUE

2. The allegations of Paragraph 2 of the Complaint constitute assertions of law, to which no response is required. To the extent a response is required, the APA denies those allegations.

3. The allegations of Paragraph 3 of the Complaint constitute assertions of law, to which no response is required. To the extent a response is required, the APA denies those allegations.

## PARTIES

4. The APA admits the allegation of Paragraph 4 of the Complaint that Plaintiff Chao is the duly appointed Secretary of Labor, but denies the allegation that Plaintiff is authorized to bring this particular action under the statute referenced or on any other legal basis.

5. The APA admits the allegations of Paragraph 5 of the Complaint.

## FACTUAL ALLEGATIONS

6. The APA admits the allegation in Paragraph 6 of the Complaint that it is a national labor organization engaged in an industry affecting commerce. The remaining allegations of Paragraph 6 constitute assertions of law, to which no response is required. To the extent a response is required, the APA denies those allegations.

7. The APA denies the allegation of Paragraph 7 of the Complaint that it "purported" to act pursuant to its Constitution and Bylaws in conducting an election of officers and denies that that election was conducted solely on June 22, 2004. The APA admits that it conducted an election of officers pursuant to its Constitution and Bylaws. The remaining allegations of Paragraph 7 constitute assertions of law, to which no

response is required. To the extent a response is required, the APA denies those allegations.

8. The APA admits the allegations of Paragraph 8 of the Complaint.

9. The APA admits the allegations of Paragraph 9 of the Complaint.

10. The APA lacks information sufficient to form a belief as to the truth of the allegation in Paragraph 10 of the Complaint as to when Hunnibell filed a complaint with Plaintiff and therefore denies that allegation. The APA, however, admits that Hunnibell at some point did file such a complaint. The remaining allegations of Paragraph 10 constitute assertions of law, to which no response is required. To the extent a response is required, the APA denies those allegations.

11. The APA admits the allegations of Paragraph 11 of the Complaint.

12. The APA admits the allegations of Paragraph 12 of the Complaint that Plaintiff investigated the allegations of the Hunnibell complaint and purported to find probable cause that violations had occurred. The APA denies that such probable cause or violations exist and denies the remaining allegations of Paragraph 12.

## COUNT I

13. The APA realleges and incorporates by reference the allegations set forth in Paragraphs 1-12 of this Answer, as if fully stated herein. The APA denies the allegations of Paragraph 13 of the Complaint in their

      entirety and specifically denies that it violated the statute cited or any other source of law either in the way alleged or in any other way.

14.     The APA denies the allegations of Paragraph 14 of the Complaint in their entirety.

## PRAYER FOR RELIEF

The APA denies that Plaintiff is entitled to the relief requested or to any other relief.

WHEREFORE, the APA asks this Court to:

    (a)     dismiss the Complaint in its entirety and with prejudice;

    (b)     award the APA its costs incurred, including attorneys fees, in defending this action; and

    (c)     grant the APA such other relief as the Court may deem just and proper.

## AFFIRMATIVE DEFENSES

1.     The Complaint fails to state a claim upon which relief may be granted.

2.     The Complaint is barred under the doctrines of waiver and estoppel.

3.     The Complaint must be dismissed because Plaintiff's theory of the case conflicts with the agency's own guidelines for conducting union elections.

4.     The Complaint must be dismissed because, although Plaintiff has the responsibility to do so, Plaintiff has declined to issue rules or guidelines

concerning electronic voting under the governing law; as a result, there are no applicable standards on which to base the instant suit.

5. The Complaint is barred under the doctrine of selective enforcement.

6. Even if a violation of the governing statute occurred, that violation did not affect the outcome of the election at issue.

7. Plaintiff's Complaint in this action impermissibly exceeds the scope of the complaint originally lodged with the APA concerning the election and subsequently brought to Plaintiff for investigation; therefore, this case fails for failure to exhaust intra-union remedies.

Respectfully Submitted,

s/ Sanford R. Denison
SANFORD R. DENISON
Texas Bar No. 05655560
Baab & Denison, LLP
Stemmons Place, Suite 1608
2777 N. Stemmons Freeway
Dallas, TX 75207
(214) 637-0750; (214) 637-0730 FAX

EDGAR N. JAMES*
D.C. Bar No. 333013
STEVEN K. HOFFMAN*
D.C. Bar No. 384696
DAVID P. DEAN*
D.C. Bar No. 437030
James & Hoffman, P.C.
1107 17th Street, N.W., Suite 510

*Application for Pro Hac Vice   Washington, D.C. 20036-4704
Granted                         (202) 496-0500; (202) 496-0555 FAX

DATED: July 12, 2005            COUNSEL FOR DEFENDANT
                                ALLIED PILOTS ASSOCIATION

## CERTIFICATE OF SERVICE

      I hereby certify that on the 12th day of July, 2005 I electronically filed the forgoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

TAMI C. PARKER
Assistant United States Attorney
Burnett Plaza, Suite 1700
801 Cherry Street, Unit 4
Fort Worth, Texas 76102

                                        s/ Sanford R. Denison
                                        SANFORD R. DENISON