# APPENDIX 10

*Donovan v. Local Union 887,*
*United Rubber, Cork, Linoleum*
*and Plastic Workers of Am.*

# Page(s) 117-118

Westlaw.



111 LRRM 2736

Page 1

1982 WL 31275 (M.D.Ga.), 111 L.R.R.M. (BNA) 2736

**(Publication page references are not available for this document.)**

M.D.Ga., 1982.

Donovan, etc.

v.

Local Union 887, United Rubber, Cork, Linoleum
And Plastic Workers Of America,
**No. 81-41-Alb,**

U.S. District Court, Middle District of Georgia

October 14, 1982

BNA Labor Relations Reporter Headnote - LRRM
Cases
LABOR-MANAGEMENT    REPORTING    AND
DISCLOSURE ACT
1. Union election - Secret-ballot requirement
C5.368
M.D.Ga., 1982.
Union violated Section 401(b) of LMRDA by
holding election on lawn outside plant and giving
members option of voting at one of two sets of
tables, where one set was open to view with no
partitions. (1) Ballots cast by members who
chose to vote at this set of tables were not secret
ballots; (2) union is required not only to provide
facilities for members who wish to vote in secret,
but also to require that members use those facilities
when they vote; (3) it is immaterial whether
members who voted in election actually were
identified with respect to their choices.
DONOVAN  v.  RUBBER  WORKERS,  LOCAL
887
111 LRRM 2736

BNA Labor Relations Reporter Headnote - LRRM
Cases
LABOR-MANAGEMENT    REPORTING    AND
DISCLOSURE ACT
2.  Union  election  -  Breach  of  secretballot
requirement - Relief

C5.361
M.D.Ga., 1982.
Secretary of Labor is entitled to order setting
union election aside and directing union to conduct
new election under Secretary's supervision, where
there is prima facie showing that election was
affected  by  union's  violation  of  secret-ballot
requirement of Section 401(b) of LMRDA, and
union adduced no proofs to rebut that showing.
DONOVAN  v.  RUBBER  WORKERS,  LOCAL
887
111 LRRM 2736

Full Text of Opinion

ELLIOTT, Senior District Judge: -

The Plaintiff brought this action under Title IV of
the Labor-Management Reporting and Disclosure
Act of 1959 (29 U.S.C. § 401, et seq.), hereinafter
referred to as the Act, in order to have the result of
the Defendant's November 19, 1980 election of
officers set aside and a new election scheduled
under the supervision of the Plaintiff. The parties
have stipulated all the pertinent facts and the
Plaintiff and the Defendant have each filed motions
for summary judgment and it appears that the case
is  appropriate  for  disposition  by  summary
judgment, there being no issue of material fact.

On November 19, 1980 the Defendant scheduled
and conducted an election for its officers. The
election was held on the lawn outside of the
Firestone Tire & Rubber Company plant in Albany,
Georgia. Upon receiving a ballot the Union
members as voters had the option of voting at one
of two sets of tables. One set of tables had partitions
which prevented the voter from being observed
while making his choices, however, the other set of
tables was open to view with no partitions or other
safeguards, thus a voter who chose to mark a ballot
at the open table could be viewed and identified

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

117

111 LRRM 2736

1982 WL 31275 (M.D.Ga.), 111 L.R.R.M. (BNA) 2736

**(Publication page references are not available for this document.)**

with his ballot choices. It is thus clear that the ballots which were cast by those who marked their ballots at the unprotected table were not secret ballots, and Section 401(b) of the Act requires every local labor organization to elect its officers by secret ballot and Section 3(k) of the Act defines a secret ballot as one "which is cast in such a manner that the person expressing such choice cannot be identified with the choice expressed". In furtherance of this secret ballot mandate regulations promulgated by the Department of Labor set out how such secrecy may be assured. 29 C.F.R. § 452.97.

Moreover, decisions of the Third and Seventh Circuit Courts of Appeal have held that it is insufficient for a union to merely provide facilities for those who wish to vote in secret - it must require that its members use those facilities when they vote. Marshall v. Local Union 12447, United Steelworkers, 591, F2d 199, 202, 100 LRRM 2383 (3 Cir. 1978); Brennan v. Local 3489, United Steelworkers, 520 F.2d 516, 522, 89 LRRM 3211 (7 Cir. 1975).

Further, once it is shown that the methods employed for the election were deficient because voters could have been identified with their choices, it is not required that the evidence show that the Union members were actually so identified in connection with their choices. Marshall v. Local Union 12447, supra.

Thus, under the circumstances here presented, it cannot be questioned that the Defendant labor organization violated Section 401(b) of the Act and when a violation of this section occurs during the conduct of an election Section 402(c) of the Act requires that the results of the election be set aside and a new election held under the supervision of the Secretary if the violation "may have affected" the outcome of the election and proof of a violation of Section 401 has the effect of establishing a prima facie case that the violation may have affected the outcome of the election. Wirtz v. Hotel Employees, Local 6, 391 U.S. 492, 506, 68 LRRM 2305 (1968). And once a prima facie case has been established it is the Defendant's burden to rebut this presumption.

In this case no evidence has been submitted to rebut the presumption of an effect on the election.

While this Court has no desire to interfere in the internal affairs of the Defendant Union, we nevertheless deem it the Court's duty to sustain the Plaintiff's motion for summary judgment and direct that a new election be conducted under the supervision of the Secretary of Labor. Accordingly, the Plaintiff's motion for summary judgment is sustained and judgment will be entered accordingly. Plaintiff's counsel will submit a suggested form of judgment to be entered in this case.

IT IS SO ORDERED this 13th day of October, 1982.

110

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.