UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION

_____
                                    )
ELAINE CHAO, SECRETARY              )
OF LABOR,                           )
                                    )
          Plaintiff,                )   Case No. 4-05CV-338Y
                                    )
     v.                             )   Judge Terry R. Means
                                    )
ALLIED PILOTS ASSOCIATION,          )
                                    )
          Defendant.                )
_____)

**RESPONSE OF DEFENDANT
ALLIED PILOTS ASSOCIATION TO MOTION FOR
LEAVE TO BE ADDED TO CASE AS *AMICUS CURIAE***

Pursuant to this Court's June 19, 2006, Order Directing Responses, Defendant Allied Pilots Association ("APA") respectfully submits its response to Allied Union Services' ("AUS") Motion for Leave to be Added to Case as *Amicus Curiae* ("AUS Motion"). Specifically, the Court directed the Plaintiff and the APA 1) to indicate whether either desired an opportunity to file a response to the proposed a*micus* brief and, if so, 2) whether such response should or would be limited in scope; and 3) to discuss the appropriate legal standard for evaluating AUS's motion.

For ease in organization, the APA addresses the third question first, followed by questions one and two.

**I.   THE LEGAL STANDARD FOR EVALUATING AUS'S MOTION AND THE APPLICATION OF THAT STANDARD**

   **A.   The Legal Standard**

Local Rule 7.2(b) provides that "[a]n *amicus* brief may not be filed without leave of the presiding judge. The brief must set forth the interest of the *amicus curiae* in the outcome of the litigation." Although the Local Rules and the Federal Rules of Civil Procedure do not otherwise address the qualifications of *amici* at the district court level, a district court in this Circuit has held that the decision to permit the participation of an *amicus* lies within the discretion of the court and that such discretion has been exercised with "great liberality." United States v. Davis, 180 F. Supp. 2d 797, 800 (E.D. La. 2001) (citations omitted). A would-be *amicus* "must merely make a showing that his participation is useful to or otherwise desirable by the court." Id. (citations omitted).

Additional guidance is available in the Federal Rules of Appellate Procedure. Pursuant to Fed. R. App. P. 29(b), in order to qualify as an *amicus*, a movant must establish

>   (1) the movant's interest; and
>
>   (2) the reasons why an *amicus* brief is desirable and why the matters are relevant to the disposition of the case.

While the Rule 29(b) standard is admittedly somewhat vague, it cannot be intended to be overly rigorous because, if the parties both consent to the filing of an *amicus* brief, no motion and no showing of qualification is necessary at all. Fed. R. App. P. 29(a). The Fifth Circuit provided useful guidance on the question

of when an *amicus* brief would be deemed "desirable" in Corrosion Proof Fittings v. E.P.A., 947 F.2d 1201, 1208 (5th Cir. 1991), when it declared that the *amicus'* role is "to bridge gaps in issues initially and properly raised by parties." See, Neonatology Assocs., P.A. v. Comm'r of Internal Revenue, 293 F.3d 128, 132-33 (3rd Cir. 2002) (broad reading of Rule 29(b)(2) is preferable; courts are well advised to permit *amicus* briefs unless it is obvious the brief does not meet the requirements of the Rule); see also, Ryan v. Commodity Futures Trading Comm'n, 125 F.3d 1062, 1063 (7th Cir. 1997) (*amicus* briefs most useful when *amicus* has unique information or perspective that can provide help to the court beyond that which the parties can provide). Very commonly, *amici* are welcomed by courts to explain the impact a potential holding might have on an industry or other group. See, e.g., Eimann v. Soldier of Fortune Magazine, Inc., 880 F.2d 830, 838 (5th Cir. 1989) (court considered arguments made by publisher organization *amicus curiae*; holding reflects concern regarding potential impact of adverse ruling on publishing industry); Luther J. Munford, *When Does the Curiae Need an Amicus?* 1 J. App. Proc. & Process 279 (1999) (citing cases).

    B.    <u>Application of the Standard to AUS's Motion</u>

The APA respectfully submits that AUS meets any reasonable interpretation of the requirements for inclusion as an *amicus curiae* in this case.

    1.    <u>AUS has a Cognizable "Interest" in this Litigation</u>

First, AUS has demonstrated that it has a direct "interest" in this case. AUS's core business is conducting union elections via the internet and

3

telephone; in the six years it has been operating its business it has conducted no fewer than 1,200 such elections. AUS Motion at 1. Just as important, the system it used in those 1,200 elections has precisely the same features that the Department of Labor ("DOL") claims here are violative of the Labor Management Reporting and Disclosure Act ("LMRDA"): i.e., 1) the storage of voters' personal information and votes in two computer "tables" or "databases" that may be "linked" for the purpose of removing ineligible voters' votes and to enable voters to review and, if desired, to change their votes; and 2) the theoretical ability of AUS personnel to effect such a linkage and thereby determine how voters have voted. Id. at 2; see proposed Brief *Amicus Curiae* of Allied Union Services ("AUS Br.") at 7 and Exh. B (Declaration of Gerald B. Feldkamp) at 5-6 ¶¶ 12-14; see also APA's Brief in Opposition to Plaintiff's Motion for Summary Judgment ("APA Br.") at 22-23, Nos. 95-97.[1] A ruling here on an election system with the same core features as the AUS system could certainly have a substantial impact on AUS's business and on the industry of which AUS is a part. AUS Motion at 2; AUS Br. at 10.

AUS's "interest" in this case is more direct than a general interest in the business of union elections because the DOL actually supervised and approved one of the 1,200 union elections conducted by AUS with its existing internet and telephone system. APA Br. at 22-23, Nos. 93-97. Since that time, moreover, the

---

[1] While AUS is apparently developing certain refinements to its system, the possibility of linking a voter with his/her vote will still be a central feature of the modified system. AUS Br. at 7-10 and Exh. B at 6-8 ¶¶ 14-17. Although it is unclear when the modified system will actually be ready for use, it is clear that AUS used its unmodified system in each of the 1,200 union elections it has conducted to date. Id. at 1, 7; Exh. B at 6 ¶ 14.

4

DOL has continued to collect information regarding the use of the AUS system in union elections. Id. at 23, No. 97. AUS, then, would understandably and justifiably be "interested" in a case in which DOL attempts to establish that an internet/telephone election system utilized in the APA election (the American Arbitration Association's ["AAA"] system) with the same core feature as the DOL approved AUS system somehow violates the LMRDA.

### 2. AUS Seeks to Raise Issues Relevant to this Litigation

The APA further submits that the issues AUS raises in its motion and its proposed brief are indisputably relevant to the issues in this case. For instance, AUS directly addresses the DOL's contention here that an election can be presumed to violate the LMRDA if the election raises "the mere possibility that someone could have viewed how a voter voted." AUS Br. at 2 (emphasis in original). It also demonstrates that the DOL applies a far different standard -- one in which "some level of trust has been conveyed to disinterested third parties" -- to other voting methods, notwithstanding their vulnerabilities to invasions of ballot secrecy. Id. at 3-6. Finally, AUS raises the eminently pertinent notion that technological advances in election systems should not be stifled when they raise no greater risk of compromising ballot secrecy than other, pre-existing methods and actually help to facilitate the LMRDA's laudable goal -- underscored in DOL's own summary judgment brief -- of advancing the cause of free and fair union elections. Id. at 7-10. All of these issues are directly relevant to this case.

5

Apparently the DOL has opposed, presumably on relevance grounds, any *amicus* filing that broaches matters beyond the particular internet voting system at issue in this case. AUS Motion at 2. That objection, however, can hardly be credited because DOL's complaint here is about the capability of the AAA's election system of effecting a linkage between voter and vote. The AUS system used in 1,200 union elections has precisely the same capability. See supra at 4. What is more, as AUS points out, any election system (including the modified system AUS has under development) must have that capability in order to make possible a functioning voter eligibility determination mechanism. AUS Br. at 4. In other words, when AUS discusses the linkability feature of its own system, it discusses the central issue in this litigation. Although the DOL would evidently prefer that this Court not consider the actual ramifications of this lawsuit -- or its prior approval and use of the functionally identical AUS voting system in a supervised union election – that preference hardly undermines the relevance of AUS's proposed submission.

### 3. It is Desirable that AUS be Permitted to Act as an *Amicus Curiae* in this Litigation

For these reasons, the APA respectfully submits that it is not simply "desirable" that AUS be permitted to participate in this case as an *amicus* but that there are compelling reasons for allowing it to do so. In this case the DOL is challenging no mere anomaly of the AAA election system but a central feature (linkability) of any election system. Because any decision in this case could have far reaching consequences for union elections in the future, it is altogether

6

appropriate that the Court welcome the participation of an entity that can speak knowledgeably and with ample experience to the key issue in this case. At the very least, AUS's presentation is "desirable" because it fills in gaps in issues presented by the pre-existing parties. Corrosion Proof Fittings, 947 F.2d at 1208.

## II.     THE APA'S DESIRED RESPONSE AND ITS LIMITATIONS

The APA feels no particular need to "respond" substantively to AUS's proposed *amicus* brief. If the Court decides that such response would be useful, the APA would limit itself to a very brief filing. However, it seems likely that the DOL will raise issues in its response to the AUS brief that would make an APA reply to the DOL filing necessary and appropriate. Accordingly, the APA would be willing to waive its opportunity to respond to the AUS brief in return for the opportunity to reply to the DOL's response to that brief.

## CONCLUSION

For the reasons stated above, this Court should permit the filing of the AUS's proposed *amicus* brief and, if the Court allows the DOL to respond to that brief, permit the APA to reply to the DOL's response.

Respectfully submitted,

s/ Sanford R. Denison
SANFORD R. DENISON
Texas Bar No. 05655560
BAAB & DENISON, LLP
Stemmons Place, Suite 1608
2777 N. Stemmons Freeway
Dallas, Texas 75207
(214) 637-0750; (214) 637-0730 Fax

        Edgar N. James (admitted *pro hac vice*)
        D.C. Bar No. 333013
        Steven K. Hoffman (admitted *pro hac vice*)
        D.C. Bar No. 384696
        David P. Dean (admitted *pro hac vice*)
        D.C. Bar No. 437030
        JAMES & HOFFMAN, P.C.
        1101 17th Street, N.W., Suite 510
        Washington, D.C. 20036
        (202) 496-0500; (202) 496-0555 Fax

        Counsel for Defendant Allied Pilots Association

Dated: July 6, 2006

## CERTIFICATE OF SERVICE

     I hereby certify that on the 6TH day of July, 2006 I electronically filed the forgoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

TAMI C. PARKER
Assistant United States Attorney
Burnett Plaza, Suite 1700
801 Cherry Street, Unit 4
Fort Worth, Texas 76102

        <u>s/ Sanford R. Denison</u>
        SANFORD R. DENISON

8