IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| HON. ELAINE L. CHAO, | § | |
| SECRETARY, UNITED STATES | § | |
| DEPARTMENT OF LABOR, | § | |
| Plaintiff, | § | |
| | § | CIVIL. NO. 4-05-CV-338-Y |
| v. | § | |
| | § | |
| ALLIED PILOTS ASSOCIATION, | § | |
| Defendant. | § | |

### CHAO'S RESPONSE TO BRIEF *AMICUS CURIAE* FILED BY ALLIED UNION SERVICES

Plaintiff, Hon. Elaine L. Chao, Secretary, United States Department of Labor (DOL), hereby files the instant response to the Brief *Amicus Curiae* (Brief) filed by Allied Union Services (AUS).

**AUS's Brief Does Little to Assist This Court as the Trier of Fact**

The purpose of *amicus* briefs is to assist the court by giving information. AMJUR AMICUS § 1. "The term *amicus curiae* ordinarily implies the friendly intervention of counsel to call the court's attention to a legal matter which has escaped or might escape the court's consideration." *Id.* "*Amicus* status is typically granted when: (1) the amicus has a special interest in the particular case; (2) that interest is not represented competently or at all in the case; (3) the proffered information is timely and useful; and (4) the amicus is not partial to a particular outcome in the case." CJS AMICUS § 4 (citing *United States v. Alkaabi*, 223 F. Supp. 2d 583 (D.N.J. 2002)). Here, while AUS's

experience in electronic voting theoretically could have assisted the Court, in actuality AUS's brief does little to further the issues before this Court. Instead, as discussed below, the first half of AUS's brief does little more than raise the same arguments made by Defendant, Allied Pilots Association (APA), in its Response in Opposition to Summary Judgment (Opposition). The second half of AUS's brief is, in essence, a sales pitch for AUS's electronic voting system. That system, however, was not used by the APA, and is not before the Court. As such, AUS's electronic voting system has little relevance to the instant litigation, which is narrowly tailored to the system used by the APA in its 2004 national officer elections.

**A.    AUS's Legal Arguments Add Nothing New to the Matter Before This Court.**

For the most part, AUS's arguments mirror those of the APA. *See* Brief at 2-6. AUS does not present argument or evidence that APA's system preserved the secrecy of the ballot. Nor does AUS argue that its system is substantially similar to APA's, and it in fact acknowledges that it was not. *See* Brief at 1 ( noting that "Allied Union Services's Internet voting system is different than the American Arbitration Associations's Internet voting system before the court. . ."). Rather, AUS, like APA, argues that methods can be devised to defeat the secrecy of all voting systems, and mimics APA's arguments on this point down to the theoretical camera in the ceiling defeating the secrecy of polling booths. *Id.* at 3-4. AUS's brief also echoes the argument that the flaws in APA's system are "theoretical." These arguments are already before this Court in APA's Opposition.

AUS's brief adds nothing new with respect to these points, and AUS offers no reason to believe that APA has not adequately addressed these matters.

The narrow question before this Court is whether the APA's system complied with the political-election-grade security requirement of the LMRDA. AUS's brief does not directly answer this question. Instead, it side-steps the issue by arguing that all methods of voting require "some level of trust . . . to disinterested third parties. . . ." Brief at 3. Notwithstanding AUS's view, the LMRDA specifically prohibits voting by methods in which voters can be identified with their votes. *See* 29 U.S.C. § 481(a); 29 U.S.C. 401(k). Properly run poll booth voting was clearly seen by Congress as meeting this standard. *See Wirtz v. Hotel, Motel and Club Employees Union, Local 6*, 391 U.S. 492, 504 (1968) (noting that "Congress' model of democratic elections was political elections in this country"). The DOL has allowed by regulation that proper double-envelope mail balloting meets this standard. *See* 29 C.F.R. § 452.97. That these methods require some level of trust to be placed in traditional poll workers and United States Postal Service employees does not create a loophole allowing an unknown number of employees of various private election contractors to have nearly unfettered access to union voters' identities and their electronic votes. Moreover, poll workers and Postal Service employees work in full view of voters, election observers, other poll workers and/or postal employees and postal inspectors. There was no such oversight in the remote Internet voting system used in the challenged election here.

**Plaintiff's Response to AUS's *Amicus Curiae* Brief  - Page 3**

**B.  AUS's Description of Its Own System May Be of Limited Relevance to the Matter Before the Court.**

Although Chao believes that AUS adds very little to assist this Court in its consideration of the issues in this case, she notes that AUS's suggestion that its remote Internet voting system is different than APA's system *might* be relevant in one respect.  In its opposition to Chao's Motion for Summary Judgment, APA argues that it took all "reasonable steps" to preserve secrecy in its remote Internet voting system.  *See* Opposition at 38-50.  While whether APA took all reasonable steps in that regard is neither the test for ballot secrecy nor the question to be decided by this Court, AUS's description of its system certainly appears to contradict APA's assertions by demonstrating that additional protections were possible.[1]  However, beyond calling into question APA's assertions in this way, the particulars of AUS's system are otherwise irrelevant as it is not appropriate for the DOL to comment on whether AUS's system in fact complies with the LMRDA.[2]  Similarly, it is not appropriate for AUS to seek the Court's view on its system as the APA's remote Internet voting system, not AUS's, is the only voting system properly before this Court.

Finally, AUS's argument that a ruling against APA would "stifle" innovation is

---

[1] In the Declaration submitted by AUS in support of APA's Opposition, AUS asserted that additional secrecy protections were being used in the electronic voting arena as early as the 2001 SWAPA re-run election.  *See* Appx. 33 to Opposition, at 582-583.

[2] Importantly, the DOL does not pre-approve voting systems and has not, to date, investigated all the particulars of AUS's remote Internet voting system.  Even if it had, however, it would not be appropriate for the DOL to comment on AUS's remote Internet voting system in this case.

**Plaintiff's Response to AUS's *Amicus Curiae* Brief  - Page 4**

misplaced. AUS has not offered any evidence that a decision on the narrow question presented here – whether the remote Internet voting system used by APA in 2004 complies with the LMRDA's requirement of political-election-grade security – would stifle innovation. Moreover, even if AUS is correct in this belief, Chao respectfully submits that the possibility that a decision that APA's voting system violated the LMRDA would stifle innovation is not relevant. The DOL and this Court are tasked with determining whether a union complied with the requirements of the LMRDA. If it is ultimately determined that a remote Internet voting system cannot meet these requirements, a broader proposition not at issue in the instant case, the remedy for unions and/or the companies who administer their elections is to lobby Congress for changes to the Act. The DOL and this Court must apply the law as it exists.

C.   **CONCLUSION**

AUS offers little to assist this Court on the narrow question of whether APA's remote Internet voting system violated the LMRDA. It does not address the APA's system, and neither this Court nor the DOL can ignore the problems inherent to APA's remote Internet voting system out of fear of "stifling technology." Every union election, where there is a proper challenge questioning the methods of the election, must be investigated on a case-by-case basis to see whether the LMRDA has been violated. The 2004 APA national officer elections violated the LMRDA. AUS's *amicus* brief offers no evidence that it did not, and does not call to this Court's attention any relevant legal

matter which might otherwise escape the Court's attention.

DATED this the  3rd   day of August 2006.

    Respectfully submitted,

    RICHARD B. ROPER
    UNITED STATES ATTORNEY

    s/Tami C. Parker
    TAMI C. PARKER
    Texas Bar No. 24003946
    Assistant United States Attorney
    Burnett Plaza, Suite 1700
    801 Cherry Street, Unit 4
    Fort Worth, Texas 76102
    O: 817.252.5200
    F: 817.978.6351

    OF COUNSEL:
    HOWARD M. RADZELY
    Solicitor of Labor

    DANIELLE L. JABERG
    Attorney

    EVAN H. NORDBY
    Attorney

    KATHERINE E. BISSELL
    Associate Solicitor, Civil Rights
    and Labor-Management Division

    SHARON E. HANLEY
    Counsel for Labor-Management Programs

    COUNSEL FOR PLAINTIFF
    SECRETARY, DEPARTMENT OF
    LABOR

## CERTIFICATE OF SERVICE

      I hereby certify that on the ___3rd___ day of August 2006, I electronically filed the forgoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a Notice of Electronic Filing to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

SANFORD R. DENISON
Baab & Denison, LLP
Stemmons Place, Suite 1608
2777 N. Stemmons Freeway
Dallas, TX 75207

EDGAR N. JAMES
STEVEN K. HOFFMAN
DAVID P. DEAN
James & Hoffman, P.C.
1107 17th Street, N.W., Suite 510
Washington, D.C. 20036-4704

                                                    s/ Tami C. Parker
                                                    TAMI C. PARKER
                                                    Assistant U.S. Attorney