UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION


| | | |
|---|---|---|
| HON. ELAINE L. CHAO | ) | |
| SECRETARY, UNITED STATES | ) | |
| DEPARTMENT OF LABOR, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v | ) | Civil Action No. 4:05-CV-338 Y |
| | ) | |
| ALLIED PILOTS ASSOCIATION | ) | |
| | ) | |
| Defendant | ) | |


**DEFENDANT APA'S MOTION FOR LEAVE TO FILE REPLY BRIEF
TO PLAINTIFF SECRETARY OF LABOR'S RESPONSE TO
AUS'S *AMICUS* BRIEF AND TO ESTABLISH THE DATE
FOR FILING SAME AS AUGUST 25, 2006**

Comes now Defendant Allied Pilots Association ("APA") and respectfully moves this

Court for an order granting APA leave to file a reply to the response filed by Plaintiff Chao,

Secretary of Labor ("Chao") to the *amicus* brief filed by Allied Union Services ("AUS") and to

establish the date for filing such reply as August 25, 2006.  In support thereof APA respectfully

shows this Court as follow:

**I.**

On June 19, 2006, the Court entered an "Order Directing Responses" (Docket No. 34)

which directed both Plaintiff Chao and Defendant APA to respond by July 6, 2006 to the motion

filed by AUS on June 14, 2006 (Docket No. 32) seeking leave to appear as an *amicus curiae* and

to file an *amicus* brief herein.  In its June 19th Order the Court also requested each party to

address in its response, *inter alia*, whether that party desired to respond substantively to the

*amicus* brief, if leave to file same was granted, and whether any such response should be limited in scope.  On July 6, 2006, APA filed its response (Docket No. 37-1) in support of AUS's appearance as an *amicus curiae* and of the filing of its proposed *amicus* brief.  In addition, at page 7 of its response APA indicated that while it did not feel a need to "respond" substantively to AUS's proposed *amicus* brief, APA anticipated that, considering the alignment of the parties, if Chao was granted leave to file a response to AUS's *amicus* brief, Chao would likely raise issues in its response to AUS's brief that would make an APA "reply" to Chao's "response" necessary and appropriate.  As such, APA proposed in its July 6th response that it was willing to waive its opportunity to "respond" to AUS's brief in return for the opportunity to "reply" to Chao's "response" to the *amicus* brief.

## II.

On July 13, 2006 this Court entered an Order (Docket No. 40) granting AUS's motion for leave to file its *amicus* brief, which AUS then filed on July 14, 2006 (Docket No. 41).  The Court's July 13th Order, however, did not address whether or within what time either Chao or APA were also granted leave to respond to the *amicus* brief once filed; nor did the Court address whether APA would be granted leave to "reply" to any "response" filed by Chao.  On August 8, 2006, without obtaining leave of Court, Chao unilaterally filed a response (Docket No. 43) to AUS's *amicus* brief.  APA has not filed a response to AUS's brief both because leave to file a response had not been granted to either party and, as indicated above, APA's preference was to file a reply to any response which Chao may file, which APA assumed would be permitted only upon leave of Court.

**III.**

Chao having now unilaterally filed a response to AUS's *amicus* brief, without first having obtained leave of Court, APA seeks confirmation from the Court that it has leave to reply to Chao's response.  APA also respectfully requests that the Court establish the date for filing said reply as August 25, 2006. Lead counsel for APA is on vacation from August 8-18, and establishing August 25, 2005 as the reply date will allow lead counsel time to prepare the reply after returning on August 18th.[1]  As no deadlines are currently pending in the case, allowing APA to reply to Chao's response and setting the date for that reply as August 25, 2006 will not delay or otherwise effect the timely disposition of this case.

WHEREFORE, Defendant APA respectfully requests that this Court enter an Order confirming that APA is granted leave to file a reply to the response filed by Plaintiff Chao, to the *amicus* brief filed by AUS and that the date for filing such reply be established as August 25, 2006.

Respectfully Submitted,


     s/ Sanford R. Denison
SANFORD R. DENISON
Texas Bar No. 05655560
Baab & Denison, LLP
Stemmons Place, Suite 1608
2777 N. Stemmons Freeway
Dallas, TX 75207
(214) 637-0750; (214) 637-0730 FAX

---

[1]By analogy to Local Rules 7.1(e)-(f), which establishes response and reply dates for motions, August 25, 2006 is only one week beyond the fifteen (15) day reply date for responses to motions established by Local Rule 7.1(f).  Granting of a one week "extension" beyond what would be the normal reply date for motion briefing will not delay resolution of this case or impact any deadlines currently set by the Court.

EDGAR N. JAMES*
D.C. Bar No. 333013
STEVEN HOFFMAN*
D.C. Bar No. 384696
James & Hoffman, P.C.
1107 17th Street, N.W., Suite 510
\* Application for Admission                 Washington, D.C. 20036-4704
Pro Hac Vice Granted                         (202) 496-0500; (202) 496-0555 FAX

COUNSEL FOR DEFENDANT
ALLIED PILOTS ASSOCIATION

DATED: August 11th, 2006

## CERTIFICATE OF CONFERENCE

The undersigned counsel for Defendant Allied Pilots Association ("APA") conferred by telephone on August 10, 2006 with Tami Parker, counsel of record for Plaintiff Chao, Secretary of Labor ("Chao"), who advised by email response dated August 11, 2006 that Chao is not opposed to a reply by APA, however, that agreement is qualified and Chao requested undersigned counsel for APA to insert the following language in the Certificate of Conference stating the DOL's position:

> "Chao does not object to APA filing a Reply to Chao's Response to AUS's Brief Amicus Curiae as long as said reply is limited to the question addressed in that response, namely whether AUS's Brief assists this Court, and does not re-open tangential matters that have already been fully briefed by the parties."

APA does not believe that Chao's response was limited only to the question of whether AUS's brief assists the Court, but rather addresses a number of other factual and legal issues which APA intends to address in its reply. APA's reply, however, will be limited in scope to replying only to those issues -- both assertions of fact and legal arguments – which Chao raised in her response.

On August 9, 2006 undersigned counsel for APA conferred by telephone with Jonathan Weissglass, counsel for *Amicus Curie*, Allied Union Services ("AUS"), who advised that AUS did not oppose the grant of this motion.

　　　　　　　　　　　　　s/ Sanford R. Denison
　　　　　　　　　　　　　SANFORD R. DENISON

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of August, 2006 I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

TAMI C. PARKER
Assistant United States Attorney
Burnett Plaza, Suite 1700
801 Cherry Street, Unit 4
Fort Worth, Texas 76102

JEFFREY B DEMAIN
JONATHAN WEISSGLASS
Altshuler Berzon Nussbaum Rubin & Demain
177 Post Street, Suite 300
San Francisco, CA 94108

YONA ROZEN
Gillespie Rozen Watsky Motley & Jones
3402 Oak Grove Ave, Suite 200
Dallas, TX 75204

　　　　　　　　　　　　　s/ Sanford R. Denison
　　　　　　　　　　　　　SANFORD R. DENISON