IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| HON. ELAINE L. CHAO, | § | |
| SECRETARY, UNITED STATES | § | |
| DEPARTMENT OF LABOR, | § | |
| Plaintiff, | § | |
| | § | CIVIL. NO. 4-05-CV-338-Y |
| v. | § | |
| | § | |
| ALLIED PILOTS ASSOCIATION, | § | |
| Defendant. | § | |

**RESPONSE IN OPPOSITION TO DEFENDANT APA'S MOTION
FOR LEAVE TO FILE REPLY BRIEF TO PLAINTIFF SECRETARY
OF LABOR'S RESPONSE TO AUS'S *AMICUS* BRIEF AND TO ESTABLISH
THE DATE FOR FILING SAME AS AUGUST 25, 2006**

Plaintiff, Hon. Elaine L. Chao, Secretary, United States Department of Labor, in opposition to the Defendant APA's Motion For Leave to File Reply Brief to Plaintiff Secretary of Labor's Response to AUS's *Amicus* Brief and to Establish the Date for Filing Same as August 25, 2006 (Motion), would show the Court as follows:

1.      APA uses what should have been a simply request for leave to file a reply as an opportunity to challenge Chao's filing of a response to AUS's *amicus* brief. *See* Motion at 2-3. APA asserts that Chao "unilaterally filed a response," and suggests that such conduct was inappropriate. *Id.*

Chao understood the Order issued by this Court on June 19, 2006, contemplated that the parties would file responses to AUS's *amicus* brief. For purposes of establishing

the proper time frame for responding, Chao treated that brief as a motion, and timely responded within 20 days as allowed by the local rules. As such, Chao's response was filed on August 3, 2006.

Chao believes that had this Court not contemplated responses, this Court would have unfiled the response. In any event, there was certainly no intent on Chao's part to do anything other than abide by the rules of this Court, and Chao of course is willing to seek leave to file its response if the Court requires her to do so. That said, if the APA believes Chao has inappropriately filed her response to AUS's *amicus* brief, the proper course would be to file an objection to that response, thus allowing this matter to be addressed by the Court, and remedied by Chao if appropriate. Accusations of impropriety within the body of APA's motion for leave to respond to Chao's Response are improper.

2.     As this Court is well aware, pending before it is Chao's Motion for Summary Judgment. APA filed a fifty page response in opposition thereto, along with a more than 600 page appendix. On July 21, 2006, Chao filed a reply to that response, thus completing briefing on this matter. APA did not seek leave to file a sur-reply.

AUS was granted leave to file its *amicus* brief on July 13, 2006. That brief mirrored arguments asserted by APA in its Opposition to Summary Judgment. Chao attempted to avoid re-arguing positions taken in her Motion for Summary Judgment and Reply to APA's Opposition to Summary Judgment, but did so to the extent necessary to address the question before the Court, namely whether the *amicus* brief assisted the Court

**Chao's Response In Opposition to APA's Motion for Leave
to File a Reply to Chao's Response to the AUS *Amicus* Brief  - Page 2**

in its resolution of this matter. APA now seeks to reply to that response, addressing not only the question of whether the brief assists this Court, but also any other "factual and legal issues" in the response." *See* Motion at 5.

As set forth in APA's Certificate of Conference, Chao is not opposed, in principle, to APA filing a reply to Chao's response to AUS's *amicus* brief. However, Chao asserts that any such response should be limited to addressing Chao's position on whether AUS's brief assists the Court. Chao is opposed to APA using a reply to a response to an *amicus* brief as a backdoor means to re-open arguments that have been fully briefed by the parties, and as a backdoor means of making arguments that would have appropriately been made in a sur-reply if leave had been sought and granted.[1]

DATED this the  11th  day of August 2006.

Respectfully submitted,

RICHARD B. ROPER
UNITED STATES ATTORNEY

---

[1] This is especially true where it's clear that AUS is not a disinterested party, but rather is in acting in concert with APA in opposing Chao's complaint. *Accord* Appendix to APA's Opposition at 581-584 (Declaration from AUS filed in support of APA's Opposition to Summary Judgment).

<u>s/Tami C. Parker</u>
TAMI C. PARKER
Texas Bar No. 24003946
Assistant United States Attorney
Burnett Plaza, Suite 1700
801 Cherry Street, Unit 4
Fort Worth, Texas 76102
O: 817.252.5200
F: 817.978.6351


OF COUNSEL:
HOWARD M. RADZELY
Solicitor of Labor

DANIELLE L. JABERG
Attorney

EVAN H. NORDBY
Attorney

KATHERINE E. BISSELL
Associate Solicitor, Civil Rights
and Labor-Management Division

SHARON E. HANLEY
Counsel for Labor-Management Programs

COUNSEL FOR PLAINTIFF
SECRETARY, DEPARTMENT OF
LABOR

**CERTIFICATE OF SERVICE**

      I hereby certify that on the \_\_\_\_11th\_\_\_\_ day of August 2006, I electronically filed the forgoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a Notice of Electronic Filing to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

SANFORD R. DENISON
Baab & Denison, LLP
Stemmons Place, Suite 1608
2777 N. Stemmons Freeway
Dallas, TX 75207

EDGAR N. JAMES
STEVEN K. HOFFMAN
DAVID P. DEAN
James & Hoffman, P.C.
1107 17th Street, N.W., Suite 510
Washington, D.C. 20036-4704

JEFFREY B. DEMAIN
JONATHAN WEISSGLASS
Altshuler Berzon Nussbaum Rubin & Demain
177 Post Street, Suite 300
San Francisco, CA 94108

YONA ROZEN
Gillespie Rozen Watsky Motley & Jones
3402 Oak Grove Ave, Suite 200
Dallas, TX 75204

                                              s/ Tami C. Parker
                                              TAMI C. PARKER
                                              Assistant U.S. Attorney