UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION

| | |
|---|---|
| ELAINE CHAO, SECRETARY OF LABOR, | )<br>)<br>)<br>) |
| Plaintiff, | ) Case No. 4-05CV-338Y<br>) |
| v. | ) Judge Terry R. Means<br>) |
| ALLIED PILOTS ASSOCIATION, | )<br>) |
| Defendant. | )<br>) |

### JOINT MOTION FOR CASE RESOLUTION

The Plaintiff, Elaine L. Chao, Secretary of Labor, United States Department of Labor (the "DOL"), and the Defendant, Allied Pilots Association ("APA"), by and through their respective counsel, hereby jointly move this Court to take the following actions to effectuate the recent settlement between the DOL and APA to resolve the outstanding disputes between them in the above-captioned case:

1.  vacate the Court's February 20, 2007, Order Denying Plaintiff's Motion for Summary Judgment;

2.  dismiss the Complaint in this case, but maintain jurisdiction over the parties in order to effectuate the terms of the parties' settlement agreement, which calls for the DOL to supervise the 2007 APA National Officer Election;

3.  exercise that jurisdiction for the sole purpose of resolving disputes, if any, that may arise in connection with the 2007 APA National Officer Election, which is currently in progress, and, upon proper certification of the results of that election by the DOL, enter a final judgment approving those certified final election results;

2

4. cancel the events currently on the Court's calendar relating to this action and remove the case from the Court's active docket.

The grounds for this Motion are as follows:

1. The DOL instituted this lawsuit against the APA on or about May 27, 2005, pursuant to the Labor Management Reporting and Disclosure Act ("LMRDA"), seeking to overturn the results of the 2004 APA National Officer Election on the grounds that that election, which made use of the American Arbitration Association's ("AAA") remote internet voting system, allegedly lacked the ballot secrecy protections required by the LMRDA.

2. The DOL moved for summary judgment on May 5, 2006, and the APA filed an opposition to that Motion.

3. The Court denied the DOL's Motion on February 20, 2007, setting the case for trial and scheduling a pretrial conference for April 11, 2007.

4. In the wake of the Court's decision, the parties have reached an agreement to settle the case and resolve their outstanding disputes.

5. Pursuant to the parties' settlement agreement, attached hereto as Exhibit A, the parties have agreed, in pertinent part, as follows:

    a. Because the parties have resolved all disputes concerning the 2004 APA National Officer Election, no further action will be taken with respect to that Election.

    b. The DOL will supervise the 2007 National Officer Election, which is currently in progress, to ensure the election is conducted consistent

with the dictates of the LMRDA and, as lawful and practicable, consistent with the APA Constitution and Bylaws.

c. That Election will be conducted according to a method determined by the DOL after an LMRDA compliance review of the BallotPoint remote internet voting system.

d. Challenges to and disputes concerning the conduct of the 2007 National Officer Election will be determined in the first instance by the DOL subject to review by the Court.[1]

e. At the conclusion of the Election, the DOL shall certify to this Court its results and its compliance with the LMRDA and the APA Constitution and Bylaws, subject to this Court's approval of that certification.

f. In view of the parties' resolution of the disputes in this case, they agree jointly to move the Court to vacate its February 20, 2007, decision denying the DOL's Motion for Summary Judgment.

g. Each party will bear its own costs, fees and expenses incurred in litigating this action.

With respect to the request to vacate this Court's February 20, 2007, decision denying summary judgment, the parties note that in the wake of the decision, the parties conferred and were able to reach a settlement which precluded the need for Rule 60(b) motions now and/or for appeal at the

---

[1] It is standard practice for courts to maintain jurisdiction over the parties to resolve disputes that may arise in the context of a supervised election. It does not allow for relitigation of the issues in the Complaint; rather, it helps avoid the filing of a multiplicity of lawsuits by allowing for resolution of any issues in the supervised election as they arise. A recent example of how this process works can be found in *Chao v. Local 6143*, Civ. No. 5:04-cv-0055 (W.D. Tex). Judge Xavier Rodriguez presided in that matter.

conclusion of this case. However, both parties very respectfully submit that the concerns which drove consideration of filing a Rule 60(b) motion and/or appealing the decision are such that they feel compelled to ask this Court to vacate the decision. To aid the Court in it's consideration of this request, some of those concerns are briefly identified below.

The DOL respectfully submits that there are errors of fact in this Court's resolution of the "affect on the outcome" of the election. For example, the Court's decision turned on its conclusion that APA had presented "some genuine, tangible, and probative evidence to rebut the presumption that the violation of LMRDA may have affected the outcome of the election," Decision at 23-24. However, a review of the APA's response to summary judgment reveals that APA made no arguments at all with respect to the affect on outcome or the lack thereof. Similarly, although this Court records that APA had used the same voting system at issue in this case "since 2000 in at least 10 local elections and one previous national election," Decision at 24, the record reveals that APA started considering a remote Internet voting system in 2001, and began using the system in 2002. *See, e.g.*, Appx 5 to Plaintiff's Motion for Summary Judgment, p. 89. The 2004 National Officer election was the first and only APA national election to utilize the challenged remote Internet voting system. Although this Court references a survey conducted by the APA, Decision at 24, that survey was mentioned by the DOL alone to note that there were at least some concerns regarding secrecy. *See* Brief in Support of Summary Judgment at 31, n. 9. APA did not present this survey as affirmative evidence that there was no affect on outcome, they

presented no explanation of how the survey was conducted and to whom it was sent, *e. g.*, to all APA members and/or to only those who voted, and they provided no evidence that this survey, which necessarily identified the names of the respondents and did not specifically ask whether the respondents had concerns regarding ballot secrecy although concerns were volunteered by four respondents, could be probative of the question of whether the breach of ballot secrecy affected the thousands of APA members who did not vote, nor even those who did. *See* Appx. 1 to Plaintiff's Motion for Summary Judgment, p. 11 (showing the questions posed by the APA in its survey).

Although the APA disagrees with the DOL's analysis of the "may have affected" issue, it has concerns that the Court's decision on the "ballot secrecy" issue did not take into account the ballot secrecy law developed and applied in the context of mail ballot elections. The APA believes that the Court's decision on this issue therefore imposes a significantly more stringent ballot secrecy standard on remote Internet voting than governs in the mail ballot context.

Based on the good and substantial cause adduced above and in order to effectuate the terms of the parties' settlement, the parties jointly and respectfully move this Court to:

1. vacate its February 20, 2007 decision;

2. dismiss the Complaint in this case;

3. maintain jurisdiction over the parties for the sole purpose of overseeing the DOL's supervision of the 2007 APA National Officer Election and, upon

proper certification by the DOL, entering a final judgment with respect to the results of that election.

                                      Respectfully submitted,

                                      RICHARD B. ROPER
                                      UNITED STATES ATTORNEY

                                      <u>s/ Tami C. Parker</u>
                                      TAMI C. PARKER
                                      Assistant United States Attorney
                                      State Bar No: 24003946
                                      Burnett Plaza, Suite 1700
                                      801 Cherry Street, Unit 4
                                      Fort Worth, Texas 76102-6882
                                      Telephone: 817.252.5200
                                      Facsimile: 817.978.6351

                                      OF COUNSEL:
                                      HOWARD M. RADZELY
                                      Solicitor of Labor

                                      KATHERINE E. BISSELL
                                      Associate Solicitor, Civil Rights and Labor-Management Division

                                      SHARON E. HANLEY
                                      Counsel for Labor-Management Programs

                                      TAMMY R. DAUB
                                      Attorney

                                      SHERYL L. VIEYRA
                                      Attorney

                                      COUNSEL FOR PLAINTIFF SECRETARY, DEPARTMENT OF LABOR

                                      <u>s/ Sanford R. Denison</u>
                                      SANFORD R. DENISON
                                      Texas Bar No. 05655560

        BAAB & DENISON, LLP
Stemmons Place, Suite 1608
2777 N. Stemmons Freeway
Dallas, Texas 75207
(214) 637-0750; (214) 637-0730 Fax

Edgar N. James (admitted *pro hac vice*)
D.C. Bar No. 333013
Steven K. Hoffman (admitted *pro hac vice*)
D.C. Bar No. 384696
David P. Dean (admitted *pro hac vice*)
D.C. Bar No. 437030
JAMES & HOFFMAN, P.C.
1101 17th Street, N.W., Suite 510
Washington, D.C. 20036
(202) 496-0500; (202) 496-0555 Fax

COUNSEL FOR DEFENDANT ALLIED
PILOTS ASSOCIATION

Date: March 30, 2007