CTJ/RMT ORIGINAL

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FT WORTH DIVISION

2007 APR -3  AM 9: 35

CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| Honorable Elaine L. Chao, Secretary, United States Department of Labor    ) )  ) | |
| Plaintiff,   ) ) | No. 4:05 CV 0338 Y |
| v.   ) ) | Judge Means |
| Allied Pilots Association,   ) ) | |
| Defendant.   ) | |

## MOTION TO INTERVENE OF MARK L. HUNNIBELL

Mark L. Hunnibell respectfully moves, pursuant to Rule 24(a) of the Federal Rules of Civil Procedure, to intervene in the above action and has attached to this motion as Exhibit A, his Intervenor's Complaint. In support of this motion, Mark L. Hunnibell states:

1. The above action was filed under Title IV of the Labor-Management Reporting and Disclosure Act (LMRDA) by the Secretary of Labor on May 27, 2005 after her investigation of an election of union officers conducted by the Allied Pilots Association in 2004.

2. The Secretary initiated her investigation after receiving a complaint from Mark L. Hunnibell alleging that, among other things, the election violated the secret ballot provisions of the LMRDA.

3. In *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 537 (1972), the Supreme Court held that "in a post-election enforcement suit, Title IV imposes no bar to intervention by a union member, so long as that intervention is limited to

1

the claims of illegality presented by the Secretary's complaint." This standard is met in this case.

4. Further, Mark L. Hunnibell is entitled to intervene because he satisfies the requirements for intervention under Rule 24(a)(2) of the Federal Rules of Civil Procedure including:

   a. This application to intervene is timely. Movant remained hopeful the Department's motion for Summary Judgment would be granted and, while it was not granted, the order for trial schedule provided some hope that the matter would be fully adjudicated. Although Defendant APA announced general terms of the Stipulation of Settlement on March 21, 2007, due to an apparent agreement between Plaintiff and Defendant to conceal the actual terms of the agreement, movant was not aware that the Plaintiff had agreed to consider an electronic election until March 29, 2007.

   b. Movant has sufficient interest in the litigation. As the initiator of the complaint to the Department that led to the litigation, and as an individual who was identified by the Department in its notice of interested parties, movant has sufficient interest.

   c. Movant's interest is impeded by the proposed Stipulation of Settlement. Settlement of this litigation under terms that could allow a new union officer election to occur using systems that would almost certainly violate candidates' statutory rights to observe and this would be an outcome contrary to the interests of the movant and the rank-and-file membership of Defendant APA.

    d.  Movant would not be making this motion if the Plaintiff had not agreed to consider supervising an election using systems that will deny candidates' statutory rights to observe. Movant would not be making this motion if Defendant APA had agreed to re-run the election using paper ballots after receiving movant's internal union complaint in July 2004 or at any time subsequent.

                                Respectfully,

                                Mark L. Hunnibell
                                pro se

Date: April 2, 2007

376 BLACK ROCK TPKE
REDDING CT 06896
TEL: 203 938 7424

## CERTIFICATE OF CONFERENCE

In accordance with the requirements of Local Rule 7.1.(a), (b), and (h), the undersigned made several efforts to conference with counsel for the Plaintiff and Defendant. On the evening of March 31, 2007, the day following the release of the terms of settlement, the undersigned transmitted, via facsimile and e-mail, his intended Motion and Intervenor's Complaint, to Mr. Steven Hoffman, Ms. Tami Parker, Ms. Sharon Hanley, and Ms. Tammy Daub with a cover letter specifically requesting conference pursuant to Local Rule 7.1. Additionally, immediately after transmission, the undersigned called each of these individuals at their offices and left them each voicemails identifying himself and the reason he was calling and asking them to review the documents he had transmitted to them and contact him regarding their client's position on his motion. The undersigned receive a phone call from Ms. Hanley on April 2, 2007, informing him that the U.S. Attorney was the appropriate party to whom my request should be sent. I informed her that I had sent it to Assistant U.S. Attorney Ms. Parker and Ms. Hanley indicated she would contact Ms. Parker to ensure she was aware of my request. Other than that, I received no reply or contact on the subject from any of the above or any other representatives of the Defendant or Plaintiff.

Respectfully,

Mark L. Hunnibell
pro se

April 2, 2007

376 Black Rock Tpke
Redding, CT 06896
Tel: 203-938-7424

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| Honorable Elaine L. Chao, Secretary, United States Department of Labor<br>　　　Plaintiff,<br><br>　　　and<br><br>Mark L. Hunnibell<br>　　　Applicant for Intervention<br><br>v.<br><br>Allied Pilots Association,<br>　　　Defendant. | No. 4:05 CV 0338 Y<br><br>Judge Means |

## INTERVENOR'S COMPLAINT

Intervenor Mark L. Hunnibell alleges as follows:

### NATURE OF COMPLAINT

1. Plaintiff-Intervenor brings this action under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, as amended (Act of September 14, 1959, 73 Stat. 519 et seq., 29 U.S.C. §§ 481-484, hereinafter referred to as "LMRDA" or "the Act") in support of a complaint and subsequent motion of summary judgment from the U.S. Secretary of Labor declaring that the 2004 election the offices of President, Vice President, and Secretary-Treasurer conducted by the Allied Pilots Association (the "APA") violated the LMRDA and directing the Defendant to conduct a new election for these offices under the Plaintiff Secretary's supervision and in compliance with all the requirements of the LMRDA, and for such additional relief this Court may find appropriate.

1

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337, 28 U.S.C. § 1345, and 29 U.S.C. § 482(b).

3.      Venue lies in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 482(b).

## PARTIES

4.      Plaintiff, the Honorable Elaine L. Chao (hereinafter "the Secretary" or "Chao"), is the duly-appointed Secretary of Labor, United States Department of Labor. Plaintiff is authorized to bring this action under Section 402(b) of the LMRDA, 29 U.S.C. § 482(b).

5.      Defendant APA is, and at all times relevant to this action has been, a national labor organization maintaining its principal office at 14600 Trinity Boulevard, City of Fort Worth, County of Tarrant, State of Texas, within the jurisdiction of this Court.

6.      Plaintiff-Intervenor, Mark L. Hunnibell (hereinafter "Plaintiff-Intervenor" or "Hunnibell"), was a candidate for President in the subject election and he filed a timely complaint with the Secretary of Labor on October 15, 2004, under the provisions of Section 402(a)(2) of the of the LMRDA, 29 U.S.C. § 482(a)(2) and has also been a candidate for office in prior elections of Defendant APA.

## FACTUAL ALLEGATIONS

7.      Defendant APA is an unaffiliated national labor organization engaged in an industry affecting commerce within the meaning of sections 3(i), 3(j) and 401(a) of the Act (29 U.S.C. §§ 402(i), 402(j) and 48 1(a)), at all times material to this cause of action.

8.      Defendant APA, purporting to act pursuant to its Constitution and Bylaws, conducted an election of officers on June 22, 2004, which election was subject to the provisions of Title IV of the Act (29 U.S.C. §§ 481-484).

9. By letter dated July 1, 2004, Plaintiff-Intervenor Mark L. Hunnibell, a member in good standing of the APA, protested the election to Defendant's Appeal Board.

10. By decision dated September 16, 2004, Defendant's Appeal Board denied the protest.

11. Having exhausted the internal remedies available, and having received a final decision, Plaintiff-Intervenor filed a timely complaint with Plaintiff Chao on October 15, 2004, in accordance with Section 402(a)(1) of the Act, 29 U.S.C. § 482(a)(1).

12. Through a series of letters, Defendant agreed with five separate requests from Chao to delay or postpone deadline by which Chao would otherwise be obligated to file suit, with the last letter establishing May 27, 2005 as the deadline for such action.

13. Pursuant to Section 601 of the LMRDA (29 U.S.C. § 521) and in accordance with Section 402(b) of the LMRDA (29 U.S.C. § 482(b)), Chao investigated the complaint and, as a result of the facts shown by her investigation, found probable cause to believe that violations of Title IV of the Act (29 U.S.C. §§ 481-484) had occurred in the conduct of APA's June 22, 2004, election that may have affected the outcome of the election and that had not been remedied at the time of the institution of Chao's action.

14. On May 5, 2006, after nearly a year of proceedings, and Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure and in compliance with Local Rule 56.3(a) of the Local Rules for the Northern District of Texas, Chao filed a motion for summary judgment, effectively claiming that no assemblage of the undisputed facts could ever allow APA to successfully defend the action at trial.

15. The Court subsequently entertained a series of briefs and replies from the parties regarding Chao's motion including a motion and *amicus curiae* brief from a non-party,

3

Allied Union Services ("AUS"), who purportedly sought to file its brief only to inform the court about information the Court would not otherwise be able to learn about.

16. On July 21, 2006, Chao pleaded with the Court that the action was ripe for summary judgment and at least implied that time was of the essence: "As soon as practicable, and if at all possible before the 2007 APA elections, the 2004 elections must be re-run under the supervision of the DOL." ([42] Plaintiff's Reply to Defendant's Opposition to Summary Judgment, July 21, 2006, ¶ D., p. 25).

17. On August 25, 2006, the final briefing on the motion for summary judgment was filed by Defendant APA and the action was, at that point, fully briefed and the parties awaited the decision of the Court.

18. On or about January 11, 2007, the Secretary-Treasurer of Defendant APA caused to be mailed to all members of APA a notice for the 2007 APA national officer elections indicating that electronic election ballot materials (for an election that requires compliance with the LMRDA) are to be mailed to all members on or about May 1, 2007.

19. On February 6, 2007, in the first substantive filing by anyone since August 25, 2006, Defendant APA filed a motion with this Court seeking leave to "supplement the record" with information they contended was relevant to the proceedings ([49] Motion for Leave to Supplement the Record and Brief in Support, February 6, 2007).

20. On February 9, 2007, without yet ruling on Chao's motion for summary judgment or APA's motion for leave to supplement the record, the Court issued an order directing convention of a trial-setting conference ([50] Order for Trial-Setting Conference).

21. On February 20, 2007, the Court entered an Order rejecting Chao's Motion for Summary Judgment.

22.     On March 21, 2007, Defendant APA announced to the membership that APA and Plaintiff Chao had reached agreement to dispose of the instant litigation in consideration of an agreement to settle the case and have the Department of Labor supervise the 2007 APA National Officer election. APA's announcement contained a brief summary of some of the details of the agreement and included some additional editorial commentary.

23.     On March 21, 2007, Plaintiff-Intervenor sent a letter via fax to Ms. Danielle Jaberg, whom he understood to be Chao's attorney for this case and also sent the letter to Mr. James Devine, Director of the Dallas District office of OLMS. Plaintiff-Intervenor attached to his fax/email a copy of the APA communication and wrote:

> Regarding the communication from APA below, by failing to make it part of the agreement, it seems that the DOL is abandoning the key issue in this case:
>
> IT IS IMPOSSIBLE TO USE THE INTERNET TO CONDUCT AN ELECTION FOR UNION OFFICERS THAT COMPLIES WITH THE SPECIFIC FEDERAL STATUTORY REQUIREMENTS FOR UNION OFFICER ELECTIONS.
>
> If the Department has not abandoned this key argument, then I would like to see such assurance in print.
>
> On the other hand, if - as I suspect - the Department intends or is willing to consider allowing APA to conduct any portion of balloting for this election using the Internet, then I would like to understand how the Department intends to ensure that candidates will be able to exercise ALL of their statutory rights including but not limited to (1) the ability to observe all phases of the election including casting of ballots, tallying, and recording of all votes, (2) observation that all votes by ineligible individuals were actually excluded, (3) that only votes from eligible members are included, (4) that candidate/observers can challenge the eligibility of a ballot and have that ballot set aside until it is ruled upon.
>
> In short, will the DOL guarantee that there is a complete paper trail for this election that will ensure (1) compliance with federal law and (2) maximum likelihood of member confidence in the outcome?

24. Plaintiff-Intervenor did not receive any response or acknowledgement from either Ms. Jaberg or Mr. Devine.

25. On March 29, 2007, Plaintiff-Intervenor received a telephone call from Mr. Keith King at the Dallas District office of OLMS, informing him that he was invited to participate in a pre-election teleconference for the candidates and interested parties. Mr. King informed the Plaintiff-Intervenor that he had been identified as an interested party and was being invited to be on the call. Mr. King read a portion of the invitation letter to the Plaintiff-Intervenor, including the introductory sentence that began, "Pursuant to an agreement between the Allied Pilots Association and the U.S. Department of Labor..." Plaintiff-Intervenor asked Mr. King to provide him with a copy of the invitation letter and also a copy the agreement under which the Department was acting. Mr. King arranged to fax a copy of the invitation letter to the Plaintiff-Intervenor, but said he was not authorized to provide Plaintiff-Intervenor with a copy of the underlying agreement.

26. On March 29, 2007, Plaintiff-Intervenor sent an e-mail inquiry to the Department official, Ms. Jolyn Underwood, who had signed the invitation letter to the Plaintiff-Intervenor, and also called Ms. Underwood's office and left a message asking for her to contact him. Plaintiff-Intervenor's request was stated clearly in his e-mail:

> Keith King from your office called a few minutes ago and related the contents of a letter regarding a pre-election conference call to take place next Wednesday morning at 10AM central, and gave me the number and passcode to dial in because I was an "interested party."
>
> He said that the letter refers to an agreement between APA and the DOL to supervise the election currently underway. Could I please be provided with a copy of that agreement? My fax number is: [REDACTED]
>
> I think it would be a more productive call if all parties on the call had a clear understanding of the nature of the agreement prior to the call.

27. On March 30, 2007, Ms. Underwood called Plaintiff-Intervenor and then engaged in a telephone conversation regarding Plaintiff-Intervenor's request for a copy of the agreement. Ms. Underwood told Plaintiff-Intervenor that she was not authorized to release the agreement to him. Ms. Underwood initially implied to Plaintiff-Intervenor that only this Court could authorize release of the agreement, but amended that to say that another person or persons also could authorize release. When Plaintiff-Intervenor asked her to identify who else had the authority to release the agreement, she refused.

28. A few minutes after the end of the telephone conversation with Ms. Underwood, Plaintiff-Intervenor called the office of the OLMS Chief of Enforcement in Washington, D.C., and left two voicemails explaining the problem he was having obtaining a copy of the agreement and asked for someone to call him back on the matter.

29. About three hours later, Plaintiff-Intervenor received a call from Ms. Mary Alice Cahir at the OLMS Enforcement office in Washington D.C. She informed him that Mr. Devine would be faxing Plaintiff-Intervenor a copy of the agreement shortly. Within 10 minutes, Plaintiff-Intervenor received a fax with the five-page agreement which has been filed as an exhibit to ([53] Joint Motion for Case Resolution, March 30, 2007).

**CLAIM FOR RELIEF**

As and for claim for relief against APA, Plaintiff-Intervenor hereby incorporates each of the foregoing allegations as if fully set forth hereunder and further alleges as follows:

30. The provisions of paragraphs 3.(c) and 3.(d) of the proposed Stipulation to Settlement contemplate the possibility that the Department of Labor could effectively pre-sanction a union officer election in which members voted via the Internet and in which "ballots" exist only as computer files which are purported to be automatically

7

tabulated, all out of the watchful eyes of candidates who would be denied any effective means by which they could exercise their statutory rights to observe voting and the counting of ballots according to the provisions of the LMRDA (Title IV, Section 401.(c) [29 U.S.C. 481.(c)]).

31. The provisions of paragraphs 3.(c) and 3.(d) of the proposed Stipulation to Settlement do not require the Department of Labor to "certify that the systems are fully compliant with the dictates of Title IV of the LMRDA." Instead, the Stipulation only requires that the Department be "<u>satisfied</u> that the system <u>appears</u> to be <u>consistent</u> with the dictates of Title IV of the LMRDA." (emphasis added). The effect of assembly of "satisfied," "appears," and "consistent" creates an inadequate and sub-standard of review that presents unacceptable and real risk to the union membership that the system's performance will <u>not</u> perform according to the appearance with which the Department was previously satisfied. The result will be yet another flawed APA election, more complaints, more litigation, and a further decrease in confidence of the union membership in the legitimacy of the union.

32. In the June 14, 2006 *amicus* brief from AUS (owner of the "BallotPoint" system and thereby potential financial beneficiary of the Court's approval of the Stipulation of Settlement), AUS claims that their new and improved systems, which they claim are "in the process of implementing" provide for greater ballot secrecy and are therefore fully compliant with the provisions of the LMRDA. Even if it was true that all these enhancements were fully implemented and were operational, and even if these enhancements absolutely guaranteed the secrecy of all ballots, AUS makes no claim, nor it is possible for anyone to seriously claim, that the electronic voting systems they

describe will provide candidates the ability to fully exercise their statutory rights to observe that the votes for each member are recorded properly, that votes from ineligible individuals are excluded, and that the results of the votes are accurately tabulated. Further, in an electronically-conducted election, it is impossible to comply with the LMRDA requirement that all ballots and records pertaining to the election are maintained for one year after the election.

33. The implementation of the proposed examination by the Department of the BallotPoint voting systems creates a substantial and serious time conflicts between (a) completing a proper and duly diligent Departmental examination of AUS systems, and (b) the ability of the Department to complete the examination and then be "satisfied that the system appears to be consistent with" the LMRDA in time to mail the ballots on May 1, 2007, and (c) in the event the Department is <u>not</u> satisfied with the AUS BallotPoint systems, the ability of APA to conduct the election using ballots by mail beginning with mailing ballots on May 1, 2007. Accommodating all these conflicting forces will almost certainly result in disruption of an election schedule that was published in January and upon which a substantial number of candidates have developed strategies and schedules by which to conduct their campaign.

34. After patiently waiting three years for corrective action for the violations in the 2004 Election, the membership of APA does not deserve to be further disrupted and rushed into a process that effectively treats them as test dummies for de facto experiments of the Department of Labor, APA, and the business community.

## PRAYER FOR RELIEF

WHEREAS, based on the forgoing, Plaintiff-Intervenor respectfully requests this court to:

(a) Convince the parties to agree to strike paragraphs 3.(c) and 3(d) from the Stipulation to be replaced with new 3.(c) to read, "The supervised 2007 National Officer Election will be conducted by mail ballot." (and all subsequent paragraphs re-lettered accordingly), or;

(b) Enter an order directing the parties to comply with the provisions of the Stipulation as modified by the requested change in (a) above

Respectfully,

Mark L. Hunnibell
pro se

Date: April 2, 2007

376 BLACK ROCK TPKE
REDDING, CT 06896
TEL: 203 938 7424