UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION

| | | |
|---|---|---|
| ELAINE CHAO, SECRETARY OF LABOR, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 4-05CV-338Y |
| v. | ) ) | Judge Terry R. Means |
| ALLIED PILOTS ASSOCIATION, | ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT ALLIED PILOTS ASSOCIATION'S
OPPOSITION TO MOTION TO INTERVENE**

Pursuant to this Court's April 4, 2007, Order Canceling Trial-Setting Conference and Setting Briefing Schedule for Motion to Intervene and Joint Motion for Case Resolution (doc. 58), Defendant Allied Pilots Association ("APA") respectfully submits this opposition to the Motion to Intervene ("Motion") filed by Mark L. Hunnibell ("Hunnibell") on April 2, 2007 (doc. 55). As demonstrated below, Hunnibell's Motion should be denied.

1. The sole relief sought by Hunnibell is that the parties' Stipulation of Settlement be altered to require that the 2007 National Officer Election be conducted by paper ballot. Motion at 3, ¶ 4(d); Intervenor's Complaint at 10 (Prayer for Relief). Specifically, Hunnibell objects to the portion of the Stipulation of Settlement providing that the Department of Labor ("DOL") would investigate and evaluate the BallotPoint remote internet voting system in a timely fashion and, if it found that system consistent with the

dictates of the Labor Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 401, et. seq. ("LMRDA"), the system would be used in the 2007 National Officer Election.  See Exhibit A to Joint Motion for Case Resolution, ¶ 3(c) (March 30, 2007).

The APA has recently learned that the DOL investigation and evaluation will not be completed in time to meet the schedule for the 2007 National Officer Election.  Accordingly, consistent with the Stipulation of Settlement, the 2007 National Officer Election will be conducted by means of paper ballot.  Because the use of paper ballot constitutes all of the relief sought by Hunnibell, his Motion should be denied as moot. See, In re Grand Jury Subpoena, 926 F.2d 1423, 1430 (5th Cir. 1991) (intervener's claim dismissed as moot when requested relief had already been effectively achieved).

2.  Even if that were not the case, intervention should be denied, as Hunnibell establishes on the very first page of his Motion.  As Hunnibell correctly points out, "[i]n Trbovich v. United Mine Workers of America, 404 U.S. 528, 537 (1972), the Supreme Court held that 'in a post-election enforcement suit, Title IV imposes no bar to intervention by a union member, so long as that intervention is limited to the claims of illegality presented by the Secretary's complaint.'"  Motion ¶ 2 (emphasis added).  As this Court has recognized, the only claim the Secretary brought in this case is that the American Arbitration Association remote internet voting system used in the 2004 Election violated the LMRDA ballot secrecy requirement.  February 20 Order Denying Plaintiff's Motion for Summary Judgment at 1, 12-13 (doc. 51).  Hunnibell's Motion, however, is based solely on a desire to challenge the DOL's agreement to consider the BallotPoint system for use in the 2007 Election on the ground that the system would

allegedly violate certain LMRDA provisions regarding observer rights, not ballot secrecy. Motion at 2-3, ¶¶ 4(c) and (d); Intervenor's Complaint at 10 ("Prayer for Relief"). Thus, the proposed intervention is not "limited to the claims of illegality presented by the Secretary's complaint" in this case, and intervention under Trbovich is unavailable. Trbovich, 404 U.S. at 537; see, Weems v. McCloud, II, 619 F.2d 1081, 1094 (5th Cir. 1980) (Trbovich "held that intervention, which would otherwise have been a matter of right under Rule 24(a), was precluded by [LMRDA] Title IV with respect to claims other than those already being asserted by the Secretary. The Court reasoned that to permit such intervention would frustrate the purpose of the statute."); Brennan v. Silvergate Dist. Lodge No. 50, 503 F.2d 800, 805 (9th Cir. 1974) ("Trbovich stands for the narrow proposition that intervention on the side of the Secretary for the limited purpose of advancing the claims of the Secretary is not barred by Title IV and for the more general proposition that all other claims of intervention are subject to the limitations imposed by the statute.") (cited approvingly in Weems, 619 F.2d at 1094-95).[1]

The limitation on the Trbovich intervention right fully applies when the putative intervener seeks to affect a settlement of an election case, as does Hunnibell here. See, e.g., Chao v. Chicago Regional Council of Carpenters, 2006 WL 2849701 at *2 (N.D. Ill. Sept. 29, 2006) ("CRC") (denying intervention seeking to alter a settlement between the DOL and the defendant union with regard to issues the DOL had not raised in the litigation of the case on the grounds that "Trbovich does not permit the Court to consider

---

[1] Because Hunnibell failed to raise an observer rights challenge to the 2004 election to the APA Appeal Board, the DOL did not investigate the charge. Defendant Allied Pilots Association's Brief in Opposition to Plaintiff's Motion for Summary Judgment at 27-28, ¶ 120 (citing sworn testimony by DOL Investigator Donna Jolyn Underwood) (doc. 31). Thus, the DOL had no authority to raise the claim in the instant suit. Hodgson v. Local Union 6799, 403 U.S. 333, 336 (1971).

these particular objections" because they "involve issues that the Secretary opted not to raise in her complaint.")

In this case, Hunnibell's <u>only</u> basis for intervention is his desire to change the terms of the settlement between the DOL and the APA to address an issue (observer rights) the DOL never raised -- indeed, had no authority to raise (see fn. 1 <u>supra</u>) -- in this litigation. Accordingly, Hunnibell has no right to intervene in this case, and his Motion should be denied. <u>Trbovich</u>, 404 U.S. at 537; <u>CRC</u>, 2006 WL 2849701 at *2. Thus, Hunnibell is not entitled to the relief he seeks in his motion, or to any other relief.

## **CONCLUSION**

For the reasons stated above, Hunnibell's Motion to Intervene should be denied.

    Respectfully submitted,

    s/ Sanford R. Denison
    SANFORD R. DENISON
    Texas Bar No. 05655560
    BAAB & DENISON, LLP
    Stemmons Place, Suite 1608
    2777 N. Stemmons Freeway
    Dallas, Texas 75207
    (214) 637-0750; (214) 637-0730 Fax

    Edgar N. James (admitted *pro hac vice*)
    D.C. Bar No. 333013
    Steven K. Hoffman (admitted *pro hac vice*)
    D.C. Bar No. 384696
    David P. Dean (admitted *pro hac vice*)
    D.C. Bar No. 437030
    JAMES & HOFFMAN, P.C.
    1101 17th Street, N.W., Suite 510
    Washington, D.C. 20036
    (202) 496-0500; (202) 496-0555 Fax
    Counsel for Defendant Allied Pilots Association

Dated: April 16, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of April, 2007, I electronically filed the forgoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

>MARK L. HUNNIBELL
>376 Black Rock Turnpike
>Redding, CT 06896
>
>TAMI C. PARKER
>Assistant United States Attorney
>Burnett Plaza, Suite 1700
>801 Cherry Street, Unit 4
>Fort Worth, Texas 76102

>s/ Sanford R. Denison
>SANFORD R. DENISON