IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| HON. ELAINE L. CHAO, | § | |
| SECRETARY, UNITED STATES | § | |
| DEPARTMENT OF LABOR, | § | |
| Plaintiff, | § | |
| | § | CIVIL. NO. 4-05-CV-338-Y |
| v. | § | |
| | § | |
| ALLIED PILOTS ASSOCIATION, | § | |
| Defendant. | § | |

### CHAO'S RESPONSE IN OPPOSITION TO THE
### MOTION TO INTERVENE OF MARK L. HUNNIBELL

Plaintiff, Hon. Elaine L. Chao, Secretary, United States Department of Labor

("DOL"), hereby files the instant response in opposition to the "Motion to Intervene of

Mark L. Hunnibell" ("Hunnibell").  In support of denying the Motion, DOL would show

the Court as follows:

Hunnibell's motion is moot.  The sole basis for Hunnibell's motion to intervene is

his desire to usurp the statutory authority of the DOL to determine whether an election

method, namely voting by Internet through use of the Ballot Point system, complies with

the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA" or "the Act").

*See* Motion to Intervene, pp. 2-3.  Hunnibell asked this Court to ignore the negotiated

agreement of the parties and instead "convince" them to use the election method of

Hunnibell's preference, namely mail balloting.  *See* Proposed Intervener's Complaint, p.

**Plaintiff's Response to Motion to Intervene  - Page 1**

10; *see also Id.*[1]   However, in an effort to ensure that Allied Pilots Association's National

Officer Election proceeds as close to on schedule as possible, a timely decision was

necessary with respect to the election method.  Thus, at the end of last week, the DOL

decided to go forward with mail ballots, which was the fallback method of choice in the

Stipulation of Settlement signed by the parties.[2]  Hunnibell's Motion to Intervene is

therefore moot.  *See, e.g., American Medical Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir.

1988) ("If a dispute has been resolved or if it has evanesced because of changed

circumstances, including the passage of time, it is considered moot.") (*Citing Matter of*

*S.L.E. Inc.*, 674 F.2d 359, 364 (5th Cir.1982).

Moreover, to the extent this Court declines to dismiss the Motion to Intervene on

grounds of mootness, the motion should nonetheless be denied because Hunnibell cannot

meet the requirements of Federal Rules of Civil Procedure 24(a).  Specifically, Rule 24(a)

requires that provides that a party may intervene as of right in one of two situations.  First,

a party may intervene where a statute of the United States permits an unconditional right

of intervention.  FED. R. CIV. P. 24(a)(1).  Second, a person may intervene as of right:

> [W]hen the applicant claims an interest relating to the property or
> transaction which is the subject of the action and applicant is so situated
> that the deposition of the action may as a practical matter impair or impede

---

[1]  Hunnibell specifically notes that he has no other concerns with the Stipulation of Settlement.
*See* Proposed Intervener's Complaint at 10 (seeking as relief that the Court "convince" the parties modify
their agreement to require mail ballots, and then order the parties to comply with the Stipulation as so
modified).

[2]  The DOL neither offers nor implies at this time any opinion as to the merits of the BallotPoint
voting system.

**Plaintiff's Response to Motion to Intervene  - Page 2**

the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

FED. R. CIV. P. 24(a)(2).  The Fifth Circuit has held that for an applicant to meet the requirements of FED. R. CIV. P. 24(a)(2), they must meet four requirements: (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.  *Ford v. City of Huntsville,* 242 F.3d 235, 239 (5th Cir. 2001); *Edwards v. City of Houston,* 78 F.3d 983, 999 (5th Cir.1996). Failure to satisfy *any one* requirement precludes intervention of right.  *Edwards,* 78 F.3d at 999 (citing *Sierra Club v. Espy,* 18 F.3d 1202, 1205 (5th Cir.1994)); *Kneeland v. NCAA,* 806 F.2d 1285, 1287 (5th Cir.), *cert. denied,* 484 U.S. 817 (1987).  Here, the DOL's decision to go forward with mail balloting means that Hunnibell cannot demonstrate that his only articulated interest, specifically, that the 2007 APA National Officer Election be conducted by mail balloting, is not adequately represented by the existing parties to the suit.

In light of the above, the DOL opposes Hunnibell's Motion to Intervene, and prays that this Court would deny the motion.

DATED this the ___16th___ day of April 2007.

Respectfully submitted,

RICHARD B. ROPER
UNITED STATES ATTORNEY

s/Tami C. Parker
TAMI C. PARKER
Texas Bar No. 24003946
Assistant United States Attorney
Burnett Plaza, Suite 1700
801 Cherry Street, Unit 4
Fort Worth, Texas 76102
O: 817.252.5200
F: 817.978.6351

OF COUNSEL:
JONATHAN L. SNARE
Acting Solicitor of Labor

KATHERINE E. BISSELL
Associate Solicitor, Civil Rights
and Labor-Management Division

SHARON E. HANLEY
Counsel for Labor-Management Programs

TAMMY R. DAUB
Attorney

SHERYL L. VIEYRA
Attorney

COUNSEL FOR PLAINTIFF
SECRETARY, DEPARTMENT OF
LABOR

**Plaintiff's Response to Motion to Intervene  - Page 4**

## CERTIFICATE OF SERVICE

I hereby certify that on the __16th__ day of April 2007, I electronically filed the forgoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a Notice of Electronic Filing to the following attorneys of record and pro se plaintiff-intervenor who have consented in writing to accept this Notice as service of this document by electronic means:

SANFORD R. DENISON
Baab & Denison, LLP
Stemmons Place, Suite 1608
2777 N. Stemmons Freeway
Dallas, TX 75207

EDGAR N. JAMES
STEVEN K. HOFFMAN
DAVID P. DEAN
James & Hoffman, P.C.
1107 17th Street, N.W., Suite 510
Washington, D.C. 20036-4704

MARK L. HUNNIBELL
376 Black Rock Tpke
Redding, CT 06896-1705


                                        s/ Tami C. Parker
                                        TAMI C. PARKER
                                        Assistant U.S. Attorney


**Plaintiff's Response to Motion to Intervene - Page 5**