IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| HON. ELAINE L. CHAO, | § | |
| SECRETARY, UNITED STATES | § | |
| DEPARTMENT OF LABOR, | § | |
| Plaintiff, | § | |
| | § | CIVIL NO. 4-05-CV-338-Y |
| v. | § | |
| | § | |
| ALLIED PILOTS ASSOCIATION, | § | |
| Defendant. | § | |

# APPENDIX TO PLAINTIFF'S UNOPPOSED
# MOTION FOR ENTRY OF JUDGMENT

Respectfully Submitted,

RICHARD B. ROPER
UNITED STATES ATTORNEY

s/ Tami C. Parker
Tami C. Parker
Assistant United States Attorney
State Bar No. 24003946
Burnett Plaza, Suite 1700
801 Cherry Street, Unit 4
Fort Worth, Texas 76102-6882
Telephone: 817.252.5241
Facsimile:  817.978.6351

## CERTIFICATE OF SERVICE

      I hereby certify that on the 31st day of August, 2007, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case filing (ECF) system of the Court. The electronic case filing system sent a Notice of Electronic Filing to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

SANFORD R. DENISON
Baab & Denison, LLP
Stemmons Place, Suite 1608
2777 N. Stemmons Freeway
Dallas, TX 75207

EDGAR N. JAMES
STEVEN K. HOFFMAN
DAVID P. DEAN
James & Hoffman, P.C.
1107 17th Street, N.W., Suite 510
Washington, D.C. 20036-4704

                                                               s/ Tami C. Parker
                                                               Tami C. Parker
                                                               Assistant United States Attorney

## INDEX

| TAB | | PAGE NO. |
|---|---|---|
| A. | Certification of Election | 001-002 |
| B. | Declaration of Cynthia M. Downing | 003-009 |

# APPENDIX A

(Certification of Election)

pp. 001-002

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION

| | |
|---|---|
| ELAINE CHAO, SECRETARY OF LABOR, ) ) ) ) | |
| Plaintiff, ) ) | Case No. 4-05CV-3381 |
| v. ) ) | Judge Terry R. Means |
| ALLIED PILOTS ASSOCIATION, ) ) | |
| Defendant. ) ) | |

## CERTIFICATION OF ELECTION

The election having been conducted in this matter under the supervision of the United States Department of Labor, pursuant to a Stipulation of Settlement filed March 30, 2007 and a Consent Decree and order approved by Judge Terry R. Means on June 13, 2007, in the United States District Court for the Northern District of Texas, Fort Worth Division, in accordance with the provisions of Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (29 U.S.C. § 481 et seq. ) and in conformity with the constitution and bylaws of the defendant labor organization, insofar as lawful and practicable, therefore:

Pursuant to Section 402(c) of the Labor-Management Reporting and Disclosure Act of 1959 (29 U.S.C. § 482(c)), and the authority delegated to me,

IT IS HEREBY CERTIFIED that the following named candidates have been duly

elected to the offices designated:

     Lloyd Hill    President

     Tom Westbrook  Vice President

     Bill Haug    Secretary Treasurer

Attached herewith is a declaration setting forth the pre-election protests concerning violations which were alleged to have occurred in the conduct of the election and the findings of the investigation of these protests.

Signed this 30th day of Aug. 2007.

              CYNTHIA M. DOWNING
              Chief
              Division of Enforcement
              Office of Labor-Management Standards
              Employment Standards Administration
              United States Department of Labor

# APPENDIX B
(Declaration of Cynthia M. Downing)

pp. 003-009

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION

|  |  |
|---|---|
| ELAINE CHAO, SECRETARY OF LABOR, ) ) ) ) | |
| Plaintiff, ) | Case No. 4-05CV-338-Y |
| ) | |
| v. ) | Judge Terry R. Means |
| ) | |
| ALLIED PILOTS ASSOCIATION, ) ) | |
| Defendant. ) ) | |

DECLARATION OF CYNTHIA M. DOWNING

City of Washington        )
                                      )    SS
District of Columbia     )

I, Cynthia M. Downing, declare as follows:

1. I am the Chief of the Division of Enforcement, Office of Labor-Management Standards ("OLMS"), United States Department of Labor (the "Department"). I caused an investigation to be made into the pre-election protests concerning violations of the Labor-Management Reporting and Disclosure Act of 1959 (the "Act" or "LMRDA"), alleged to have occurred during the National Officer election of the Allied Pilots Association ("APA") completed on June 20, 2007. The election, and subsequent run-off election, were conducted under the supervision of the Department pursuant to a settlement agreement between the Department and APA filed with U.S. District Court for the Northern District of Texas on March 14, 2007 and a Consent Decree and Order approved by Judge Terry R. Means on June 13, 2007.

2. Complaints were filed by two members of APA, Greg Shayman (a candidate for APA Vice President) and Mark Hunnibell. Shayman raised four allegations in his pre-election protests

003

that were received by OLMS via email on April 2, 2007, April 13, 2007, May 14, 2007, and May 19, 2007. Hunnibell raised eight allegations in his pre-election protests that were received by OLMS via email on April 18, 2007, May 4, 2007, May 7, 2007, May 8, 2007, May 17, 2007, and May 18, 2007. OLMS did not receive any post-election protests.

Shayman's Allegations

3. First, Shayman alleged that Dennis Breslin, Hugh Fenwick, and Andrew Sizemore made electioneering posts to the APA's electronic bulletin board, "Challenge and Response" ("C&R"), during normal business hours at APA while they were on paid union time. The LMRDA prohibits the use of union funds to promote the candidacy of any individual in a union officer election. 29 U.S.C. 481(g). Accordingly, union officers and employees may not campaign on time that is paid for by the union. 29 C.F.R. 452.76.

4. The OLMS investigation established that APA's normal business hours are 9 a.m. to 5 p.m. The OLMS investigation established that APA has no set rules or policies concerning hours of work for APA pilots who perform union work. When an APA pilot is at APA headquarters on union paid time, he or she does not have any set work hours. The hours of work are task-generated. He or she is paid for the entire day regardless of the hours worked. There is no set lunch hour or duration and no set schedule.

5. The OLMS investigation, including a review of the relevant "C&R" posts, established that none of the posts by Breslin or Fenwick during the hours of 8 a.m. to 5 p.m. were campaigning for or against any candidate. In addition, the remaining posts occurred outside of normal business hours and were not campaigning for or against any candidate. Therefore, no violation of the LMRDA occurred with respect to the posts made by Breslin or Fenwick.

6. The OLMS investigation established that six of the posts by Sizemore during the hours of 8 a.m. to 5 p.m. were considered campaigning for or against candidates. The

investigation revealed that Sizemore was at APA headquarters for a communications committee function from April 9, 2007 through April 19, 2007. The first three postings were during that time period. The first posting was on Tuesday, April 10, 2007 at 8:30 a.m. This posting occurred outside of APA's normal business hours. The second posting was on the same day at 1:28 p.m. The investigation established that Sizemore was either on a break or at lunch at 1:28 p.m. when he made that posting. Because there is no set lunch hour or duration or set schedule for union members and no evidence that Sizemore was working at 1:28 p.m., this posting is not considered campaigning for or against candidates on union time. The third posting was made on Sunday, April 15, 2007 at 4:05 p.m. The investigation established that April 15, 2007 was the Sunday prior to the APA Performance Unit Plan or "PUP" rally and that Sizemore was preparing speeches and media briefings for the PUP rally during April 2007, but that he was not "on the clock" when he made that posting. Because there is no set schedule for union members and no evidence that Sizemore was working on Sunday, April 15, 2007, this posting is not considered campaigning for or against candidates on union time. There was no violation of Title IV with respect to Sizemore's three postings that were made while he was at APA headquarters for a communications committee function from April 9, 2007 through April 19, 2007.

7. The fourth posting was made on April 20, 2007, the day after Sizemore's return from APA headquarters after having worked there for several days. The OLMS investigation revealed that although Sizemore was paid by the union on that day, he was given the day off and did not perform work for the union on that day. The fifth posting was made on April 23, 2007. The investigation, including a review of committee reports, reflect that Sizemore was not being paid by the union on April 23, 2007. Finally, the sixth posting was made on April 25, 2007 at 8:22 a.m. The investigation revealed that Sizemore was attending training on that day and was not being paid by the union. Therefore, the fourth, fifth, and sixth postings are not considered

campaigning for or against candidates on union time. Shayman's allegation that Breslin, Fenwick, and Sizemore made electioneering posts to the C&R while on paid union time is without merit. There was no violation of the LMRDA.

8. Second, Shayman alleged that he was discriminated against in the sending of his second campaign email blast to the union membership. Shayman sent an email complaining to OLMS regarding his second email blast prior to learning that Election Supervisor Donna Underwood was already aware of and had already resolved the issue. Shayman indicated to OLMS that he was satisfied with the resolution. Because any potential violation of the LMRDA was remedied, this allegation is moot.

9. Third, Shayman alleged he was discriminated against in the sending of his third campaign email blast. Specifically, Shayman alleged that his third email blast scheduled to be sent on Friday, May 18, 2007, did not seem to reach all members. As a resolution, Underwood instructed APA to re-send the email. It was re-sent on Monday, May 22, 2007. Shayman indicated to OLMS that he was satisfied with the resolution regarding this email transmission. Because any potential violation of the LMRDA was remedied, this allegation is moot.

10. Fourth, Shayman alleged that Ralph Hunter's campaign email blast, dated March 12, 2007, contained confidential information that Hunter obtained through a closed door session conducted among APA National Officers. Even if true, this allegation would not constitute a violation of the LMRDA. The LMRDA does not and unions may not regulate the contents of campaign literature. 29 C.F.R. § 452.70. There was no violation of the LMRDA.

Hunnibell's Allegations

11. First, Hunnibell alleged that members were not notified until May 3, 2007, that the Internet system at APA headquarters could be used. Therefore, any use of the Internet system at APA headquarters prior to May 3, 2007 did not comply with the advance notice of this

opportunity required by the LMRDA. The OLMS investigation established that, prior to May 3, 2007, it was a widely-known APA policy that APA allowed Internet use at its headquarters. Specifically, APA has wireless Internet that anyone can use at headquarters and APA's policy manual gives domicile chairs, vice chairs and committee members unlimited Internet access. Therefore, members already had notice of the opportunity prior to May 3, 2007. Therefore, no violation of the LMRDA occurred.

12. Second, Hunnibell alleged that the Winter 2006/2007 Flightline magazine contained the theme "Unity," which was also the theme of the incumbents' re-election campaign. The investigation established that the Flightline magazine was distributed prior to nominations. Based on a review of the articles in question, two of the articles (written by Ralph Hunter and Sam Bertling) did contain a "unity" theme. The article written by Hunter discussed the contract and the importance of a united front. The article written by Bertling discussed the democratic process in the union and the importance of being united and standing behind whoever is elected. However, neither article appeared to be campaigning for or against any candidate. Therefore, no violation of the LMRDA occurred and this allegation is without merit.

13. Third, Hunnibell alleged that a campaign email blast dated May 4, 2007 at 9:17 a.m., on behalf of candidate for Vice President Sam Bertling, was transmitted to the membership without the disclaimer used for campaign blasts that identifies the nature of the email and states that APA neither endorses nor opposes any particular candidate. According to Hunnibell, this omission rendered this email indistinguishable from normal operational emails. As a resolution, an email was sent to all recipients advising that the email blast was a campaign email. Therefore, because any potential violation of the LMRDA was remedied, this allegation is moot.

14. Fourth, Hunnibell alleged that a campaign email blast sent on behalf of candidate Tom Westbrook did not contain a subject in the "Subject:" line. According to Hunnibell, the

missing subject would increase the likelihood that the email would be detected as SPAM and never reach the membership. As a resolution, the email was re-sent with a subject in the "Subject:" line. Therefore, because any potential violation of the LMRDA was remedied, this allegation is moot.

15. Fifth, Hunnibell alleged that Shayman was discriminated against during the transmittal of his third campaign email to the APA membership. This allegation is identical to Shayman's third allegation. *See* ¶ 9. Specifically, Hunnibell alleged that he did not receive Shayman's third email blast scheduled to be sent on May 18, 2007. As a resolution, Underwood instructed APA to re-send the email. It was re-sent on May 22, 2007. Shayman indicated to OLMS that he was satisfied with the resolution regarding this email transmission. Therefore, because any potential violation of the LMRDA was remedied, this allegation is moot.

16. Sixth, Mr. Hunnibell alleged that Sam Bertling, who was APA's Vice President at that time, campaigned at the end of a mandatory pilot training class. The investigation, including interviews of the instructor of the class and numerous members who attended the class, revealed that after class, Bertling simply answered the questions of those attendees who had questions regarding APA and contract negotiations. Therefore, no violation of the LMRDA occurred and this allegation is without merit.

17. Seventh, Hunnibell alleged that APA Check Airman Keith Shankland used employer funds to campaign by sending an email to 61 individuals in which he solicited support for Ralph Hunter. The investigation revealed that Shankland sent the email to a personal list of friends using his personal computer on his personal time. Therefore, no violation of the LMRDA occurred and this allegation is without merit.

18. Eighth, Hunnibell alleged that Ralph Hunter, Sam Bertling, and Jim Eaton used the phrase "An Important Message from your National Officers" in union-related emails sent to the

membership and that the use of that phrase violates the LMRDA because Hunter, Bertling, and Eaton used that phrase in their campaign email blast on May 4, 2007. Even if true, this allegation would not constitute a violation of the LMRDA and, therefore, was not investigated.

19. As the Department received no other protests concerning the election and it was conducted in accordance with the direction and supervision of the Department, I have no reason to believe that any violation of the LMRDA occurred that was not remedied during APA's 2007 National Officer election.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 30th day of August 2007, in the City of Washington, District of Columbia.

*Cynthia M. Downing*
CYNTHIA M. DOWNING
Chief
Division of Enforcement
Office of Labor-Management Standards
Employment Standards Administration
United States Department of Labor